UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
(CAPE GIRARDEAU DIVISION)

| | |
|---|---|
| IN RE DEBRA RUSSOM ) | CASE NO. 20-10250 |
| Debtor, ) | |
| ) | CHAPTER 7 |
| ------------------------------------------------- ) | |
| ) | JUDGE Barry S. Schermer |
| SURVIVAL FLIGHT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | ADVERSARY NO.: ___-_____-_____ |
| v. ) | |
| ) | |
| DEBRA RUSSOM ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ADVERSARY COMPLAINT FOR OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C § 523(a)(2)(A) and § 523(a)(4)**

COMES NOW Plaintiff, Survival Flight Inc., by and through its undersigned counsel, and for its cause of action respectfully states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an Adversary Proceeding in which Plaintiff Survival Flight Inc., ("Survival Flight") seeks denial of discharge of a debt owed to it by Defendant Debra Russom ("Defendant").

2. Survival Flight is a corporation operating and existing under the laws of the State of Arizona.

3. Defendant is the debtor in this Chapter 7 proceeding.

4. Defendant is an individual residing in Pemiscot County, Missouri.

1

13190180.4

5. This Court has subject matter jurisdiction over this adversary proceeding, which arises under the Bankruptcy Code, and relates case number 2:20-bk-10250, pursuant to 28 U.S.C. § 157 and § 1334.

6. This is a core proceeding under 28 U.S.C. § 157(b)(2).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

8. On October 28, 2018, Defendant entered into a contract with Survival Flight to provide emergency medical transportation services. *A true and accurate copy of the contract is attached hereto as Exhibit 1.*

9. The cost for the emergency medical transportation provided to Defendant was $45,733.00. *A true and accurate copy is attached hereto as Exhibit 2.*

10. Survival Flight submitted a claim for payment to Defendant's health insurer, which initially denied the claim.

11. In an effort to assist Defendant and reduce her out-of-pocket expense for the services, Survival Flight worked with Defendant to obtain authorization to appeal her health insurer's denial of Survival Flight's claim.

12. To this end, Defendant signed a Designation of Representation allowing Survival Flight to appeal the denial of coverage and seek payment directly from Defendant's insurer. *A true and accurate redacted copy of the Representation form is attached hereto as Exhibit 3.*

13. As a result of Survival Flight's efforts, Defendant's insurance provider provided a check ("the Funds") to Defendant in the amount of $38,200.00 to be held in trust by Defendant and forwarded to Survival Flight for partial payment of Survival Flight's invoice.

13190180.4

14. Prior to receiving the check, Defendant confirmed, both orally and in writing, her obligation to forward the Funds to Survival Flight.

15. Upon information and belief and in contravention of what was promised, Defendant cashed the check and misappropriated the Funds for personal use.

16. Survival Flight filed suit in the Circuit Court of Pemiscot County to recover for the emergency services provided to Defendant, *inter alia,* in a cause of action for Fraud & Deceit, as more fully described in the original Complaint.

17. Prior to filing an answer, Defendant filed a Petition for Relief under Chapter 7 of the Bankruptcy Code resulting in a stay of Plaintiff's collection lawsuit in Pemiscot County.

## COUNT I

### (Objection to Discharge pursuant to 11 U.S.C § 523(a)(2)(A))

18. Survival Flight incorporates by reference the allegations set forth in paragraphs 1-17 as if fully set forth herein.

19. Defendant represented to Survival Flight that if Survival Flight took over the insurance appeal, she would forward any funds which Survival Flight was able to obtain as part of the appeal.

20. Defendant knew this statement was false as she never intended to pay Survival Flight.

21. Defendant made the false representation with the intention of deceiving Survival Flight so that she could retain the Funds for her own personal use.

22. Survival Flight relied on Defendant's statements of promise of repayment in undertaking the appeal and sent Defendant multiple pre-paid postage envelopes to assist in Defendant's transfer of the Funds.

3

13190180.4

23. As a proximate result of Defendant's fraudulent statements and failure to repay Survival Flight the money she contractually owes, Survival Flight has sustained a loss of $38,200.00.

24. As such, all or part of the debt owed to Survival Flight is non-dischargeable as it is a debt for money that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

WHEREFORE, Plaintiff Survival Flight, Inc., prays this Court enter an Order, entering judgment for Survival Flight and against Defendant Russom (1) Denying discharge of Defendant's debt owed to Plaintiff Survival Flight pursuant to 11 USC 523(a)(2)(A), (2) awarding Plaintiff attorney's fees and costs incurred to collect the debt owed, and (3) and granting such other and further relief as is just and proper.

## COUNT II

### (Objection to Discharge pursuant to 11 U.S.C § 523(a)(4))

25. Survival Flight incorporates by reference the allegations set forth in paragraphs 1-17 as if fully set forth herein.

26. Defendant acted feloniously when she wrongfully misappropriated the Funds that she agreed to forward to Survival Flight.

27. Defendant took the property of Survival Flight and used the Funds for personal use.

28. Defendant intentionally converted the property when she knowingly and falsely agreed to forward the Funds to Survival Flight and thereafter used the Funds for personal use.

29. Survival Flight has never received the Funds and has been damaged in the amount of $38,200.00.

4

13190180.4

30. As such, all or part of the debt owed to Survival Flight is non-dischargeable as it is a debt for money that was obtained through larceny, within the meaning of Bankruptcy Code § 523(a)(4).

WHEREFORE, Plaintiff Survival Flight, Inc., prays this Court enter an Order, entering judgment for Survival Flight and against Defendant Russom (1) Denying discharge of Defendant's debt owed to Plaintiff Survival Flight pursuant to 11 USC 523(a)(4), (2) awarding Plaintiff attorney's fees and costs incurred to collect the debt owed, and (3) granting other and further relief as is just and proper.

Dated: June 10, 2020

By: */s/ Clayton G. Kuhn*
Clayton G. Kuhn, # 55222MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
ckuhn@sandbergphoenix.com

*Attorney for Plaintiff, Survival Flight, Inc.*

13190180.4