# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DEBRA RUSSOM,** | ) | **Bankruptcy Case No. 20-10250** |
| | ) | |
| Debtor. | ) | **Chapter 7** |
| | ) | |
| | ) | **Judge Barry S. Schermer** |
| **SURVIVAL FLIGHT, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adversary Case No. 20-01005** |
| | ) | |
| **DEBRA RUSSOM,** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANT TO ADVERSARY COMPLAINT FILED BY PLAINTIFF

COMES NOW Defendant, by and through the undersigned counsel, and, for her Answer, states to the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. The allegations of paragraph 1 are admitted.

2. Defendant does not have sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies the same.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are admitted.

6. The allegations of paragraph 6 are admitted.

7. The allegations of paragraph 7 are admitted.

## BACKGROUND

8. In response to the allegations of paragraph 8, Defendant states that she admits being transported by helicopter from Pemiscot Memorial Hospital in Hayti, Missouri, to Southeast Hospital in Cape Girardeau, Missouri, on October 28, 2018. The remaining allegations of paragraph 8 are denied.

9. In response to paragraph 9 of the Complaint, Defendant states that she was billed and her health insurance company was billed $45,733.00. Defendant affirmatively states that this bill is excessive. Defendant further states that an error in diagnosis was made at Pemiscot Memorial Hospital and that she did not need to be rapidly transported to Southeast Hospital and, in fact, did not need to be sent to Southeast Hospital at all. Tests done at Southeast Hospital and clinical examination revealed that Defendant was not having a heart attack, was not having any other problem requiring emergency medical services in Cape Girardeau, and after being kept at Southeast Hospital overnight for observation, was released the very next day. All remaining allegations of paragraph 9 are denied.

10. This Defendant does not have sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, denies the same. Defendant affirmatively states that she told all her medical providers that she had insurance and that her insurance company was Anthem-Blue Cross.

11. In response to paragraph 11, Defendant states that a copy of her signature does appear on Exhibit 3. The remaining allegations of paragraph 11 are denied.

12. In response to paragraph 12, Defendant admits that a copy of her signature appears on Exhibit 3.  The remaining allegations of paragraph 12 are denied.

13. In response to paragraph 13, Defendant states that she did receive a check in the amount of $38,200.00 from her health insurance provider.  The remaining allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. In response to paragraph 16, Defendant admits that she was sued by Plaintiff in Pemiscot County Circuit Court to recover the bill allegedly owed by her to Plaintiff. The remaining allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are admitted.

## COUNT 1

18. Defendant realleges and incorporates herein by reference her answers to those paragraphs being realleged as paragraph 18 of Count I.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. Defendant denies each and every allegation contained in Count 1 not expressly admitted herein.

26. Count I of Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against this Defendant.

27. Defendant affirmatively states that she did not see page 2 of the alleged contract, Exhibit 1 to the Complaint, and furthermore was not given any opportunity to see this document prior to the trip to Southeast Hospital in Cape Girardeau, Missouri.

28. Defendant acted on the advice of her attorney who instructed her she could do anything she wanted with the money represented by the $38,200 check because "it is your money."

WHEREFORE, Defendant prays that Count I of Plaintiff's Complaint be dismissed and that all requested relief will be denied.  Defendant requests such other and further relief as the Court may deem proper under these circumstances.

## COUNT II

29. Defendant realleges and incorporates herein by reference her answers to those paragraphs being realleged as paragraph 25 of Count II.

30. The allegations of paragraph 26 are denied.

31. The allegations of paragraph 27 are denied.

32. The allegations of paragraph 28 are denied.

33. In response to paragraph 29, Defendant admits that Plaintiff never received the funds represented by the check for $38,200.  The remaining allegations of paragraph 29 are denied.

34. The allegations of paragraph 30 are denied.

35. Defendant denies each and every allegation contained in the entirety of Count II that is not expressly admitted herein.

36. The allegations of Count II fail to state a cause of action upon which relief can be granted against this Defendant.

37. Defendant acted on the advice of her attorney who instructed her that she could do anything she wanted with the money represented by the $38,200 check because "it is your money."

WHEREFORE, Defendant prays that that Count II will be dismissed and that all relief requested in Count II be denied.  Defendant requests such other and further relief as the Court may deem proper under these circumstances.

Respectfully submitted,

THE LIMBAUGH FIRM
407 N. Kingshighway #400, P.O. Box 1150
Cape Girardeau, MO 63702-1150
Telephone:	(573) 335-3316
Facsimile:	(573) 335-0621
mpayne@limbaughlaw.com

By /s/ J. Michael Payne_____
    J. Michael Payne  #28733MO

ATTORNEYS FOR DEBTOR/DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was filed electronically on July 16, 2020, with the United States Bankruptcy Court and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

/s/J. Michael Payne_____
J. Michael Payne